UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JESSIE CHAMBLISS,** | * | **CIVIL ACTION NO.** |
| **PLAINTIFF,** | * | |
| **VERSUS** | * | **SECTION** |
| **ENTERGY CORPORATION,** | * | **MAG.** |
| **DEFENDANT,** | * | **JUDGE** |
| | * | **JURY TRIAL REQUESTED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Comes Now, Plaintiff, Jessie Chambliss, and files his Complaint against the above-named Defendant on the following grounds:

**PARTIES**

1. Plaintiff, is at all times an adult African American male who is a citizen of the state of Louisiana, and resides in Laplace, Louisiana.

2. At all times pertinent, Defendant has continuously been and is now doing business in the State of Louisiana and has continuously had at least fifteen (15) employees.

3. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

**JURISDICTION AND VENUE**

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

5. Defendant operates their business within the Eastern District of Louisiana. All actions by Defendant alleged herein occurred within the Eastern District of Louisiana. Venue in this district is proper for the Defendant pursuant to 28 U.S.C. § 1391(b) & (c).

6. Plaintiff filed a charge of discrimination on February 9, 2022, with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") alleging violations of Title VII of the Civil Rights Act of 1964, including violations of race discrimination, retaliation and allegations of a hostile work environment. The charge was filed within 300 days of the date of the retaliatory adverse actions for which recovery is sought that is complained of herein (the latest of which occurred on December 27, 2021); 2) the EEOC issued the Notice of Right to Sue on May 3, 2022. See Exhibit A, which contains copies of Chambliss' charge and the Right to Sue letter. Therefore, this suit is timely filed within the 90 days allowed from the receipt of the right to sue letter.

## FACTUAL ALLEGATIONS

7. On or about March 2, 2020, the Plaintiff began his employment as an Operator, Material Sr for Entergy Corporation at Waterford III Nuclear Station in Killona, Louisiana.

8. Throughout his employment, the Plaintiff performed his duties in a satisfactory or above manner.

9. Plaintiff took pride in his work; and was excited to finally officially be a part of the Entergy team after doing contract work for over ten years at Waterford III and receiving stellar recommendations from his colleagues at Waterford III.

10. However, Plaintiff found it increasingly difficult to enjoy his job because of the daily harassment he had to endure throughout his shift in particular from Kristopher Patin, the manager of the supply chain at Waterford III and at all times is an adult white male.

11. This treatment and harassment continued throughout Plaintiff's employment with Entergy. For example, On February 8, 2021, Terrance James, a supply chain supervisor "received phone call from two individuals informing me that Jessie was experiencing slow sluggish body movement." "He then contacted Laura (nurse) informing her of this situation."

12. On March 18, 2021, Plaintiff wrote a statement expressing his concerns of feeling targeted from the day "that I began this job." According to Plaintiff's statement one of Entergy's employees asked Plaintiff could he read and write.

13. On June 7, 2021, Plaintiff requested medical leave, provided proper documentation and went through the proper protocol through the Human Resources department.

14. On October 6, 2021, Plaintiff's treating physician Dr. Michael Darin, completed Entergy's Healthcare Provider Release to Return to Work form with Plaintiff to return to fully duty without restrictions on October 11, 2021.

15. On October 29, 2021, Plaintiff had spoken with Jessica Legath, a senior HR representative at Entergy, who informed Plaintiff that Site Access and the Medical Review Officer had not cleared Plaintiff to return to work. Plaintiff was on unpaid leave and had thirty days from October 29, 2021, to get clearance to return to work.

16. Plaintiff was always speaking up especially to Mr. Patin, regarding proper training and doing the work according to industry standards. Mr. Patin and others at Entergy increased the frequency of the harassment and abuse.

17. Plaintiff complained to HR and filed complaints regarding his treatment by Mr. Patin and other Entergy employees to no avail.

18. On January 21, 2022, Plaintiff received via Fed Ex a Separation Agreement and Release document from Entergy. The Separation Agreement and Release stated "Effective at the

close of business on January 20, 2022 (the 'Separation Date'), Employee's employment with Entergy ends…In exchange for the release of claims made by Employee in this Agreement, Entergy agrees to pay to Employee a lump sum amount of ($26,000.00)."

19. Plaintiff was given until February 14, 2022, to sign the release. Plaintiff never signed the release.

**COUNT I**
**RACIAL DISCRIMINATION, RACIAL HARASSMENT (HOSTILE WORK ENVIRONMENT), RETALIATION, FAILURE TO INVESTIGATE AND PREVENT DISCRIMINATION AND HARASSMENT, WRONGFUL TERMINATION OF PLAINTIFF JESSIE CHAMBLISS**

20. Plaintiff incorporates as if fully restated all of the allegations previously written.

21. As an African-American man, Plaintiff is a member of a protected class. At all relevant times herein, Jessie Chambliss was in a contractual relationship with Defendant Entergy within the meaning of 42 U.S.C. § 1981, as amended.

22. During the course of Jessie's employment, Defendant violated Plaintiff's rights by depriving Plaintiff of his right to the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's employment contract "as is enjoyed by white citizens," in direct violation of 42 U.S.C. § 1981(b).

23. Specifically, Entergy's employees and supervisors subjected Plaintiff to racial harassment, racial discrimination, and a racially hostile work environment, culminating in an end to his employment relationship with Entergy. Entergy, failed to investigate and prevent incidents of racial harassment, despite numerous reports and complaints, thereby evidencing a pattern and practice of racial discrimination and harassment.

24. Defendant failed to prevent the racially harassing and retaliatory behavior directed at Plaintiff.

25. Through their actions and treatment of Plaintiff, Defendant and their agents intended to discriminate against Plaintiffs on the basis of their race.

26. Defendants' violations of the Civil Rights Act of 1866, as amended, caused Plaintiff to suffer harm as set forth above.

27. As a result of Defendant unlawful acts, Plaintiff are entitled to damages as set forth herein.

28. By reason of the conduct of Defendant as alleged herein, Plaintiff have necessarily retained attorneys to prosecute the present action.  Plaintiff are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

29. Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful intention of injuring Plaintiff; with the conscious disregard of the rights and safety of Plaintiff; and with an improper and evil motive amounting to malice. Plaintiff are thus entitled to recover punitive damages from Defendants in an amount according to proof.

## COUNT II
## RETALIATION

30. Plaintiff incorporates as if fully restated all of the allegations previously written.

31. As herein alleged, the Defendants, by and through its officers, managing agents and/or its supervisors, illegally retaliated against Plaintiff by unjustly subjecting his to unjust scrutiny, false allegations of misconduct and unwelcome and derisive comments solely because he had reported the aforementioned sex discrimination. Defendants had no legitimate reasons for any such act. Each said act of retaliation is in violation of Title VII of the Civil Rights Act of 1964.

32. Plaintiff is informed and believes, and based therein alleges, that in addition to the practices enumerated above, the Defendant may have engaged in other discriminatory practices against his which are not yet fully known. At such time as such discriminatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

33. As a direct and proximate result of the Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

34. Plaintiff is informed and believes, and based thereon alleges, that the Defendant's conduct as described above was willful, wanton, malicious, and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendants in a sum according to proof at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Jessie Chambliss, demands judgment against the Defendants, in an amount which will compensate him for:

1. Violation of his rights under Title VII of the Civil Rights Act of 1964;

2. Compensatory damages including lost wages, past and future and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future; and past and future medical expenses;

3. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

4. Trial by jury on all issues so triable;

5. Costs expended herein, including reasonable attorneys' fees;

6. Pre-judgment and post-judgment interest; and

7. Any and all other relief to which he may be entitled.

Respectfully submitted,

/s/ Raynique T. Keelen
Raynique T. Keelen, NO. LA31216
FULLER KEELEN LAW FIRM, LLC
201 ST. CHARLES AVENUE
SUITE 2500
NEW ORLEANS, LA 70170
TELEPHONE: (504) 754-6854
FACSIMILE: (888)796-9613
E-MAIL: raynique@fullerkeelenlawfirm.com

COUNSEL FOR PLAINTIFF